UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HAIHONG C. WANG<br><br>　　　　Plaintiff<br><br>v.<br><br>GTV MEDIA GROUP, INC., SARACA MEDIA GROUP, INC. AND WENGUI GUO<br><br>　　　　Defendants | Civil Action No.<br><br><br><br><br><br><br>MARCH 16, 2021 |

## COMPLAINT

1. This suit seeks the return of approximately $150,000, together with statutory interest and attorneys' fees, which Defendants procured from Plaintiff Haihong C. Wang ("Wang") through the sale of unregistered securities in violation of the Securities Act of 1933 (the "Securities Act") and Connecticut Uniform Securities Act, C.G.S. §36b-2 et seq., (the "Connecticut Act") (collectively the "Acts").

## THE PARTIES

2. Plaintiff Wang is an individual who at all relevant times was a United States citizen and a resident of the State of Connecticut. She is more commonly known to the defendant(s) as "JamesBird".

3. Upon information and belief, Defendant GTV Media Group Inc. ("GTV") is a Delaware Limited Liability Company with its principal place of business in New York.

4. Upon information and belief, Defendant Saraca Media Group Inc. ("SMG") is a Delaware corporation with a principal place of business in New York.

5. Upon information and belief, SMG is the parent company of GTV.

6. Upon information and belief, Defendant Wengui Guo ("Guo") was at all relevant times a foreign national residing in the State of New York.

7. Defendant Guo controls SMG and GTV.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §1331 because the Plaintiff asserts claims under the Securities Act of 1933.

9. This court has supplemental jurisdiction over the Connecticut Act claims pursuant to 28 U.S.C. §1367, or in the alternative, based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

11. GTV is the brainchild of Defendant Guo, a wealthy self-prescribed political dissident from China with many social media followers in the U.S.

12. Guo conceived GTV to be a Tik-Tok like video streaming social-media platform for user-generated political content.

13. On or about April 17, 2020, Guo caused the establishment of GTV.

14. Shortly after establishing GTV, Guo and GTV began to solicit investors to invest in GTV by purchasing the company stock.

15. On or about April 20, 2020, Guo recorded a video giving instructions to potential "private placement investors" on how to invest in GTV and posted it on YouTube.

16. Along with the video, Guo posted a link to download investment documents, including a subscription agreement, Non-Disclosure Agreement, a set of "Investment Procedure Guidelines" with instructions on how to invest, and other investment related documents.

17. Between April 11, 2020 and May 9, 2020, Guo made numerous recorded video presentations touting the GTV investment and soliciting investments.

18. After being solicited by Guo, on or about May 20, 2020, Wang signed a Subscription Agreement to invest in GTV. The Subscription Agreement provided that Wang would pay $150,000 in exchange for 150,000 shares of GTV common stock.

19. Wang signed the Subscription Agreement in Connecticut and indicated Connecticut as her state of residence and the state in which she pays taxes.

20. On or about May 22, 2020 Wang caused to be paid $150,000 to SMG, the designated recipient of investment funds, which is the parent company of GTV.

21. This offering of GTV securities (the "GTV Offering") was not registered pursuant to any law nor subject to any exemption from registration.

22. The securities sold in the GTV Offering were neither registered as required under the Acts, nor subject to any exemption from registration.

**Count I: Violation of Sections 5 and 12(A)(1) of The Securities Act, 15 U.S.C. §§ 77e and 77l(a)(1) (Against All Defendants)**

23. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

24. The interests in GTV marketed by Defendants are securities within the meaning of Section 2(a)(1) of the Securities Act, 15 U.S.C. § 77b(a)(1).

25. Defendants, and each of them, promoted, offered and/or sold securities through the GTV Offering.

26. Defendants, and each of them, are issuers, underwriters, and/or necessary participants of/in the GTV Offering.

27. No Defendant or other person filed with the SEC a registration statement for the offer and sale of GTV securities through the GTV Offering, no registration statement was in effect at the time of the GTV Offering, and no exemption to the registration requirement was available.

28. Defendants, and each of them, used the instrumentalities of interstate commerce in connection with the offer and sale of GTV securities.

29. The Defendants' actions constitute violations of Violation of Sections 5 and 12(A)(1) of The Securities Act, 15 U.S.C. §§77e and 77l(a)(1).

**Count II: Violation of Section 15 of The Securities Act, 15 U.S.C. §77o (Against Defendant Guo**)

30. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

31. Guo, by virtue of his offices, stock ownership, agency, agreements or understandings, and specific acts was, at the time of the wrongs alleged herein, and as set forth herein, a "controlling person" within the meaning of Section 15 of the Securities Act. As such,

Guo had the power and influence and exercised the same to cause the unlawful offer and sale of GTV securities as described herein.

32. Guo possesses, directly or indirectly, the power to direct or cause the direction of the management and policies of SMG and GTV, through the ownership of voting securities, by contract, subscription agreement, or otherwise.

33. Guo has sufficient influence to have caused SMG and GTV to submit a registration statement.

34. Guo participated in, and/or aided and abetted, SMG and GTV's failure to register the GTV offering.

35.  By virtue of the conduct alleged herein, Guo is liable for the wrongful conduct complained of herein and is liable to Plaintiff for rescission and/or damages suffered.

**Count III: Violation of the Connecticut Securities Act, C.G.S. §36b-2 et seq., (Against All Defendants)**

36. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

37. Defendants sold unregistered securities to a Connecticut resident in violation of C.G.S. §36b-16.

38. Under C.G.S. §36b-29 Defendants are liable for the return of Wang's $150,000 investment, plus interest at the rate of 8%, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    A. Declaring that Defendants offered and sold unregistered securities in violation of the Connecticut Uniform Securities Act and the Securities Act of 1933;

    B. Awarding Plaintiff the remedy of recovery of the consideration paid for the securities, together with interest at eight percent per annum from the date of payment, costs, and reasonable attorneys' fees, against all Defendants, jointly and severally; and

    C. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

          **THE PLAINTIFF,**
          **HAIHONG C. WANG,**

    By: /s/ David T. Grudberg
        David T. Grudberg (ct01186)
        CARMODY TORRANCE SANDAK & HENNESSEY LLP
        195 Church Street, P.O. Box 1950
        New Haven, CT 06509-1950
        Telephone: (203) 777-5501
        Facsimile: (203) 784-3199
        E-mail: dgrudberg@carmodylaw.com